# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| PHILLIP QUINN | : | |
|---|---|---|
| Plaintiff | : | CIVIL ACTION NO. 3:18-632 |
| v. | : | (MANNION, D.J.) |
| | | (MEHALCHICK, M.J.) |
| BRENDA L. TRITT, et al. | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is the report and recommendation ("Report") of the magistrate judge in this action (Doc. 57), which recommends that: (1) defendants Kathy Brittain, Brenda Tritt, Joseph Sankus, and Daniel Rhome's (collectively "DOC defendants") motion for summary judgment, (Doc. 31), be granted in part and denied in part; (2) the plaintiff Phillip Quinn's ("Quinn") state law negligence claim be remanded to the Schuylkill County Court of Common Pleas; (3) defendants Schuylkill County Municipal Water Authority and its Executive Director, Pat Caulfield's (collectively "SCWA defendants") motion to dismiss, (Doc. 32), be dismissed as moot; and (4) Quinn's motion to compel discovery, (Doc. 44), be dismissed as moot. No party has filed objections to the Report.

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

On January 30, 2019, this court issued an order adopting Judge Mehalchick's prior report and recommendation, which, among other things, granted leave to Quinn to file an amended complaint. (Doc. 28). On February 7, 2019, Quinn filed an amended complaint alleging cruel and unusual punishment under the Eighth Amendment to the United States Constitution and a state law negligence claim. (Doc. 29). Then, on February 21, 2019, both the DOC and SCWA defendants filed motions to dismiss (Doc. 31; Doc. 32) and briefs in support (Doc. 34; Doc. 33). On April 19, 2019, Quinn filed a brief in opposition, (Doc. 41), and, on May 10, 2019, Quinn filed a motion to compel discovery, (Doc. 44).

On June 6, 2019, the magistrate judge held an evidentiary hearing to consider matters outside the pleadings relating to the issue of Quinn's

exhaustion of his grievances. (Doc. 48). Thereafter, on June 21, 2019, the magistrate judge issued the Report, which addressed all of the pending motions before the court. (Doc. 57).[1] Pertinent here, the magistrate judge recommended that the court grant summary judgment as to all DOC defendants, except defendant Daniel Rhome, with respect to Quinn's failure to properly exhaust his administrative remedies on Grievance No. 647581. The magistrate judge recommended summary judgment be entered in favor of the DOC defendants on all other grievances.

As to the relief sought by Quinn, the magistrate judge noted that, in his complaint, Quinn specifically requested monetary damages but made only a bare assertion that he sought declaratory and injunctive relief.[2] (Doc. 29, at 1, 8). Even liberally interpreting this bare assertion as a request for injunctive relief, however, the magistrate judge determined that the only demand for

---

[1] A portion of the magistrate judge's Report refers to both "Grievance No. 630487" and "Grievance No. 630847." (Doc. 57, at 15-19). This court construes this as a typographical error, and as such, any reference to either "Grievance No. 630487" or "Grievance No. 630847" is hereby construed as a reference to grievance number 630487. *See* (Doc. 56-1) (indicating that the grievance filed by Quinn on June 14, 2016, has a grievance number of 630487).

[2] Quinn stated, "Plaintiff states that he is filing this civil action against the above-captioned defendants in their individual capacities and their official capacity, in which the Eleventh Amendment does not forbid suing state officials employees for damages in their individual capacities *for declaratory or injunctive relief in their official capacities.*" (Doc. 29, at 1) (emphasis added).

relief clearly sought was for monetary damages. The magistrate judge properly found that because none of Quinn's grievances included a request for monetary compensation in accordance with the grievance policy, Quinn's request for monetary damages was procedurally defaulted. The magistrate judge did not address nominal damages or Quinn's request for declaratory relief and, instead, recommended that the SCWA defendants' motion to dismiss, (Doc. 32), and Quinn's motion to compel discovery, (Doc. 44), be dismissed as moot; Quinn's state law negligence claim be dismissed without prejudice and remanded to the Schuylkill County Court of Common Pleas; and, finally, for the case to be closed.

Nominal damages are available for the vindication of a constitutional right absent proof of actual injury, and the Prison Litigation Reform Act, 42 U.S.C. §1997, "does not limit a prisoner's ability to obtain nominal [] damages." *Prillerman v. Fromhold*, 714 F. App'x 184, 186 (3d Cir. 2017). Here, although Quinn has not expressly sought nominal damages in his complaint, the Third Circuit has held that "it is not necessary to allege nominal damages" particularly where the allegations in the complaint are consistent with a claim for nominal damages. *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000). Thus, "[c]onstruing his pro se complaint liberally, we interpret [Quinn]'s complaint to request nominal damages." *Id.*

Accordingly, Quinn has a remaining viable claim under the Eighth Amendment seeking declaratory relief and nominal damages against defendant Daniel Rhome. *See Freedom from Religion Foundation, Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 481 (3d Cir. 2016) (implying that a request for nominal damages *alone* suffices to create standing or save a case from mootness); *see also Boyce v. Department of Corrections*, No. 3:15-cv-157, 2016 WL 11184216, at *3 (M.D. Pa Dec. 12, 2016) (discussing the sufficiency of a nominal damages claim alone vis-à-vis the mootness doctrine). Because the court retains jurisdiction over Quinn's Eighth Amendment claim against defendant Daniel Rhome, it also retains supplemental jurisdiction over Quinn's state law negligence claim against the DOC and SCWA defendants. 28 U.S.C. §1367. The magistrate judge's Report, (Doc. 57), is adopted in all other respects. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 30, 2019**
18-632-01