# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP QUINN | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-632 |
| v. | : | (MANNION, D.J.)<br>(MEHALCHICK, M.J.) |
| BRENDA L. TRITT, et al. | : | |
| Defendants | : | |

## ORDER

Presently before the court is the report and recommendation ("Report") of Magistrate Judge Karoline Mehalchick, (Doc. 62), which recommends that a motion to dismiss, (Doc. 32), filed by defendants Schuylkill County Municipal Water Authority and its Executive Director Pat Caulfield, (collectively "SCMWA") be denied. No party has filed objections to the Report.

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether

timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

On February 21, 2019, SCMWA filed the present motion to dismiss, (Doc. 32), arguing that Quinn has failed to state a claim sufficient to overcome the immunity granted to it by the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§8341 *et seq.*, ("PSTCA"), which grants local agencies immunity from liability for damages "on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541. On April 26, 2019, Quinn filed a brief in opposition, (Doc. 42), and on May 9, 2019, SCMWA filed a reply brief, (Doc. 43).

Judge Mehalchick recommends that SCMWA's motion to dismiss be denied because the immunity granted by the PSTCA does not extend to SCMWA, since Quinn's pleadings have satisfied the four elements of the utility service facilities' exemption set forth in *Metropolitan Edison Co. v. City of Reading*, 162 A.3d 414, 423 (Pa. 2017). In her Report, Judge Mehalchick observes that Quinn's amended complaint, when construing it liberally as we must, makes indistinguishable allegations from those of the plaintiffs in *Gall by Gall v. Allegheny County Health Dept.*, 555 A.2d 786 (Pa. 1989), which

the Pennsylvania Supreme Court held were actionable and, in that case, likewise not barred by governmental immunity because the plaintiffs satisfied the utility service facilities' exemption. Accordingly, Judge Mehalchick recommends denial of the motion to dismiss.

Here, having reviewed the entire Report, as well as the pleadings, the record, and pertinent case law, the court agrees with the sound reasoning which lead Judge Mehalchick to her recommendation of denial. As such, the court adopts the Report of Judge Mehalchick as the opinion of this court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Mehalchick, (Doc. 62), is **ADOPTED IN ITS ENTIRETY**;

**(2)** SCMWA's motion to dismiss, (Doc. 32), is **DENIED**;

**(3)** The case is **REMANDED** to Judge Mehalchick for further proceedings.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 13, 2020**
18-632-02