UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP QUINN | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-632 |
| v. | : | (MANNION, D.J.) |
| BRENDA L. TRITT, et al. | : | |
| Defendants | : | |

**ORDER**

Presently before the court are two report and recommendations ("Reports") of Magistrate Judge Karoline Mehalchick. The First Report, (Doc. 131), recommends that the motion for summary judgment, (Doc. 97), filed by defendants Schuylkill County Municipal Water Authority and its Executive Director Pat Caulfield, (collectively "SCWA Defendants"), be granted. The Second Report, (Doc. 132), recommends that the motion for summary judgment, (Doc. 100), filed by defendants Brenda L. Tritt, Daniel Rhome, Joseph Sankus, and Kathy Brittain, (collectively, "DOC Defendants"), be granted. As a result, the Second Report also recommends that the plaintiff Phillip Quinn's motion to appoint counsel, (Doc. 106), his motion for summary judgment, (Doc. 110), and his motion to stay, (Doc. 116), and SCWA Defendants' motion to strike Quinn's reply brief, (Doc. 130), be stricken as moot. On March 15, 2021, Quinn filed objections to the Reports. (Doc. 135).

SCWA Defendants and DOC Defendants filed responses to those objections. (Doc. 136; Doc. 138).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

In her First Report, Judge Mehalchick notes that because the record contains no evidence of any actual injury beside Quinn's September 25, 2016 medical record, containing a diagnosis of colitis, summary judgment in favor of SCWA Defendants' is appropriate on all of Quinn's claims arising from conduct that occurred after that date. Next, the First Report notes that, in providing a boil water notice issued by SCWA related to a water main break on August 22, 2016, Quinn produced evidence that SCWA Defendants provided contaminated water. However, because Quinn provides no evidence of contamination at any other specific time prior September 25, 2016, the First Report recommends that summary judgment be entered in favor of SCWA Defendants for all claims except ones arising from the alleged contamination on August 22, 2016. With respect to that surviving claim, however, the First Report concludes that, because Quinn has not produced any of the necessary evidence linking his colitis to the August 22, 2016 water main break, he has failed to establish even a plausible causal connection between SCWA Defendants' actions and Quinn's resulting injury and, therefore, the claim fails. Accordingly, because Quinn's claims fail, the First Report recommends SCWA Defendants' motion for summary judgment be granted.

In the Second Report, Judge Mehalchick considered Quinn's Eighth Amendment claim and concludes that he fails to raise a genuine issue of material fact as to whether he was personally exposed to contaminated water. This is because Quinn does not present any evidence disputing DOC Defendants' evidence that prisoners were not exposed to contaminated water when SCI-Frackville immediately utilized its reservoir tank upon notice of the break until tests came back negative for bacteria. Further, the Second Report concludes that Quinn has failed to satisfy the subjective prong of the deliberate indifference standard. The undisputed protective steps DOC Defendants' took in response to the water main break precludes a finding that DOC Defendants' disregarded the risk of contaminated water. Finally, with respect to Quinn's negligence claim against DOC Defendants, the Second Report notes that because the alleged contamination occurred in municipal and not state piping, DOC Defendants' alleged actions do not fall into any of the ten exceptions to sovereign immunity. Thus, Judge Mehalchick concludes that DOC Defendants' motion for summary judgment should be granted and that all claims against them be dismissed with prejudice. Consequently, Judge Mehalchick recommends that Quinn's motions for summary judgment, for appointment of counsel, and to stay the

case, as well as SCWA Defendants' motion to strike Quinn's reply brief, be dismissed as moot.

Quinn has filed objections to Judge Mehalchick's Reports. However, Quinn's objections do nothing more than reiterate the same claims he has made throughout the proceedings. His objections do not, however, identify any issue of material fact that would prevent the entry of summary judgment. For example, Quinn asserts that "there is ample evidence to infer causation," (Doc. 135, at 5), but then proceeds to cite to the same undisputed evidence that Judge Mehalchick considered but observed was legally insufficient to show that his colitis diagnosis was caused by the water and not the food he ate. *See Carter v. United States*, No. 11-CV-1669, 2013 WL 1149247, at *2-3 (M.D.Pa. Mar. 19, 2013) (holding that an inmate plaintiff only raised an issue of material fact by presenting the opinion of a nurse that his injury was caused by a specific instance of food poisoning).

Here, having reviewed the entirety of the Reports, as well as the pleadings and the record, the court agrees with the sound reasoning which lead Judge Mehalchick to her recommendations that the defendants' motions for summary judgment be granted. As such, the court adopts the Reports of Judge Mehalchick as the opinions of this court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** Quinn's objections to the First and Second Report, (Doc. 135), are **OVERRULED**;

**(2)** The First and Second Reports of Judge Mehalchick, (Doc. 131; Doc. 132), are **ADOPTED IN THEIR ENTIRETY**;

**(3)** SCWA Defendants' motion for summary judgment, (Doc. 97), is **GRANTED** and **JUDGMENT IS ENTERED** in favor of SCWA Defendants on all counts;

**(4)** DOC Defendants' motion for summary judgment, (Doc. 100), is **GRANTED** and **JUDGMENT IS ENTERED** in favor of DOC Defendants on all counts;

**(5)** Quinn's motion for appointment of counsel, (Doc. 106), motion for summary judgment, (Doc. 110), and his motion to stay the case, (Doc. 116), as well as SCWA Defendant's motion to strike, (Doc. 130), are **DISMISSED AS MOOT**.

**(6)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**DATE: March 30, 2021**
18-632-03